# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| SAMMIE OKEITH BROWN, | § |
| | § |
| Plaintiff, | § CIVIL ACTION NO. 5:19-CV-00111-RWS-CMC |
| | § |
| v. | § |
| | § |
| DIRECTOR, TDCJ-CID, | § |
| | § |
| Defendant. | § |

## ORDER

Petitioner Sammie Okeith Brown, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court referred this matter to United States Magistrate Judge Caroline Craven pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Magistrate Judge issued a Report and Recommendation on June 11, 2020, recommending the petition be denied as barred by the applicable statute of limitations (Docket No. 11).  The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence.  Brown filed objections to the Magistrate Judge's Report and Recommendation (Docket No. 14), which triggers a *de novo* review of the objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  For the reasons set forth below, the Court **OVERRULES** Brown's objections (Docket No. 14) and **DENIES** the petition (Docket No. 1).

Brown argues that the limitations period is a procedural rule used to defeat his constitutional right to file a petition for writ of habeas corpus.  Brown further claims the limitations

period denies him due process.  Interpreted liberally, Brown's objections are construed as asserting that the one-year limitations period imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") is unconstitutional by unlawfully suspending the writ of habeas corpus.  After careful consideration, the Court concludes that Brown's objections should be overruled.

The Suspension Clause states: "The privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."  U.S. CONST. art. 1, § 9, cl. 2.  The constitutionality of the AEDPA, however, has been repeatedly upheld on appeal.  *Felker v. Turpin*, 518 U.S. 661, 664 (1996); *Turner v. Johnson*, 177 F.3d 390, 392-93 (5th Cir.), *cert. denied*, 528 U.S. 1007 (1999).  Further, as the Magistrate Judge correctly observed, Brown's assertions regarding his lack of education and legal training do not rise to the level of exceptional circumstances warranting equitable tolling.  *See Felder v. Johnson*, 204 F. 3d 168, 171-73 (5th Cir. 2000) (proceeding *pro se*, illiteracy, deafness, lack of legal training and unfamiliarity with the legal process are insufficient reasons to equitably toll the statute of limitations).  Accordingly, Brown's petition, filed nearly ten years after the end of the one-year statute of limitations had expired, is time-barred.

Furthermore, Brown is not entitled to the issuance of a certificate of appealability.  An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b).  The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982).  In making that substantial showing, the movant need not establish that he should prevail on the merits.

Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner or that the questions presented are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483-84.  Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, Brown has not shown that any of the issues raised by his claims are subject to debate among jurists of reason.  The factual and legal questions advanced by Brown are not novel and have been consistently resolved adversely to his position.  In addition, the questions presented are not worthy of encouragement to proceed further.  Therefore, Brown has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

Accordingly, Brown's objections (Docket No. 14) are **OVERRULED** and the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is **DENIED** as barred by the applicable statute of limitations.

**So ORDERED and SIGNED this 22nd day of January, 2021.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE